**TED KING, INC., et al., Plaintiffs,**

**v.**

**The AETNA CASUALTY AND SURETY COMPANY, Defendant.**

**Civ. A. No. J85–0269(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

March 31, 1986.

Earl Keyes, Jackson, Miss., for plaintiffs.

Jim Bullock and Cary E. Bufkin, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

In this diversity action, Plaintiffs seek to stack benefits allegedly due under the "auto medical payments" coverage provisions of a business automobile policy issued by Defendant Aetna Casualty and Surety Company. The parties have filed cross-Motions for Summary Judgment as to Aetna's liability for such benefits under the policy. We hold that no basis for recovery by the Plaintiffs exists as a matter of law and that Defendant Aetna is entitled to summary judgment in its favor.

The basic facts pertinent to this motion are not disputed by the parties. Plaintiff Jeff King, the 18 year old son of Plaintiff Ted King, was injured when a pickup truck in which he was a passenger drifted off the highway and ran into a tractor-trailer parked on the shoulder. It is not disputed that Ted King, the father of the injured party, is an "insured" under the policy. King made a claim for the medical expense incurred by virtue of his son's injuries under the auto medical payments provisions of the policy. Aetna paid $2,000.00, which it contended was the limit of its liability under the med-pay provisions, but rejected additional medical expense claims of $16,-000.00.[1] In this suit, Plaintiffs thus seek to recover $16,000.00 in actual damages and $500,000.00 in punitive damages for Aetna's alleged "bad faith" denial of their demand.

The sole basis for the claim of Plaintiffs for the additional medical expense payments is that nine vehicles were insured under the general policy and that a separate premium was paid for each vehicle for the medical payments coverage. Thus, according to Plaintiffs, they are entitled to aggregate or "stack" the $2,000.00 limit of medical expense coverage, as defined in the policy, for each separate vehicle, for a total of $18,000.00 of coverage. Under the terms of the medical payments provisions of the policy, the limit of Aetna's liability for the medical expenses due to injuries incurred by Jeff King from the accident is $2,000.00. The limitation of liability provision of the medical payments coverage provides:

Regardless of the number of covered autos, insureds, claims made or vehicles involved in the accident, the most we will pay for bodily injury for each insured injured in any one accident is the limit of Auto Medical Payments shown in the declarations.

The declaration clearly states that this limit is "$2,000.00 per insured."

Plaintiffs rely on principles developed in cases involving uninsured motorist coverage. *See, e.g., Government Employees Insurance Company v. Brown,* 446 So.2d 1002 (Miss.1984). The instant case, however, is concerned with medical payments

---

1. Aetna asserts that the total expenses of bills submitted to it is in excess of $17,000.00. Plaintiff asserts that medical expenses in excess of $20,000.00 have been incurred because of Jeff King's injuries.

coverage, and not with the special considerations present where uninsured motorist coverage is in issue. In *Tucker v. Aetna Casualty and Surety Co.*, 609 F.Supp. 1574 (S.D.Miss.1985), this Court permitted the stacking of uninsured motorist coverage pursuant to Mississippi law. However, we flatly denied the stacking of medical payment coverages. We stated:

> There is absolutely no legal authority cited by the Plaintiff or known to the Court, however, which would authorize the stacking of medical payments coverage in the insurance policy in question. The basis for stacking uninsured motorist coverage derives from the fact that the uninsured motorist statutes of the State of Mississippi rule and govern over the policy of insurance in question. There are no statutory provisions in Mississippi which effect medical payments coverage contained in insurance policies. Accordingly, stacking of medical payments coverage is not proper and the Plaintiff is entitled only to compensation within the policy limit of $2,000.00.

609 F.Supp. at 1580. *See also State Farm Mutual Automobile Ins. Co. v. Acosta*, 479 So.2d 1089, 1091 (Miss.1985) (denying stacking of medical payment coverages). Plaintiffs' claim for stacking as a basis for recovery here is clearly without merit as a matter of law.

As a matter of law, Aetna's maximum liability for Jeff King's medical expenses was $2,000.00 and it has undisputedly complied with its contractual obligations in this regard. It is manifest that under the terms of this policy Plaintiffs have no viable claim whatsoever for any additional medical expenses payments from Aetna because of Jeff King's injuries. Moreover, having failed on the coverage issue, Plaintiffs have no claim for punitive damages.

Accordingly, it is ordered that the Motion for Summary Judgment of Defendant Aetna is sustained and the Motion of Plaintiffs for Summary Judgment is denied. The Complaint is hereby dismissed with prejudice.

A separate final judgment in favor of Defendant will be entered by the Court.