Vickie D. CROWTHER, Plaintiff
and Appellant,

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY, Defendant and
Respondent.

No. 880242–CA.

Court of Appeals of Utah.

Oct. 20, 1988.

**1120**

Steven H. Lybbert (argued), Salt Lake City, for plaintiff and appellant.

Raymond M. Berry, John R. Lund (argued), Salt Lake City, for defendant and respondent.

Before DAVIDSON, BENCH and GREENWOOD, JJ.

1. Utah Code Ann. § 31–41–2 through –13.4 (1974) (repealed and replaced by Title 31A, effective July 1, 1986).

## OPINION

GREENWOOD, Judge:

Crowther appeals from the trial court's grant of summary judgment for Nationwide, claiming that the trial court erred in ruling that Crowther could not collect no-fault insurance benefits both from her insurance carrier and from the insurer of the vehicle that struck her.

Crowther, while a pedestrian, was hit and injured by a motor vehicle on January 25, 1986. The vehicle which hit Crowther was not hers and was insured in accordance with the Utah Automobile No–Fault Insurance Act (the Act)[1]. Crowther incurred in excess of $4,000 in medical expenses as a result of the accident. She received maximum benefits of $2,000 payable under the vehicle's insurance policy. Crowther also filed a claim for benefits through her own automobile insurance carrier, Nationwide. Nationwide's policy also provided for a maximum of $2,000 medical benefits under its no-fault personal injury protection provisions. In addition, Nationwide's policy stated as follows under the heading "Limits and Conditions of Payment":

> OTHER INSURANCE[.] No insured may receive duplicate benefits under this and any similar insurance. Similar insurance may apply to an accident involving bodily injury to you or a relative, or bodily injury to someone else involving the use of your auto. If it does, all benefits payable cannot exceed the highest available under any one policy. We will pay our proportional share of such benefits. That share will be our proportion of the total benefits available.

Nationwide refused to pay the claim, and Crowther brought this action. Both sides filed motions for summary judgment based on an agreed statement of stipulated facts. The court granted Nationwide's summary judgment motion. We affirm.

On appeal, Crowther argues that the trial court erred in granting summary judgment for Nationwide for one or more of the

following reasons: (1) the Other Insurance provision is not an exclusion permitted under the Act; (2) the Act implicitly permits "stacking"[2] of insurance policies and, therefore, the insurance commission's regulation prohibiting stacking is invalid; and (3) the contract provision and/or the regulation should be declared void as contrary to public policy.

In reviewing a summary judgment, we review the facts in the light most favorable to the party against whom judgment was entered. *Atlas Corp. v. Clovis Nat'l Bank*, 737 P.2d 225, 229 (Utah 1987). In addition, "because a summary judgment is granted as a matter of law rather than fact, we are free to reappraise the trial court's legal conclusions." *Id.* Crowther concedes that the relevant facts are undisputed and focuses her arguments on the trial court's legal conclusions. We, therefore, examine the trial court's legal conclusions.

### I. Statutory Exclusions

■ Crowther relies on *Farmers Insurance Exchange v. Call*, 712 P.2d 231 (Utah 1985), for her assertion that the Other Insurance provision is invalid. In *Farmers*, the Utah Supreme Court held that under Utah Code Ann. § 31–41–10 (1974) of the Act, an insurer may only exclude benefits for the specific reasons enumerated in the statute. Section 31–41–10 lists the permissible exclusions from coverage as: (1) for injury sustained while occupying another motor vehicle owned by the insured and not insured under the policy; or (2) for any injury sustained while operating a motor vehicle without the owner's consent; or (3) for injury the person caused to himself intentionally or while committing a felony. In *Farmers*, the Court held that an insurance policy which excluded benefits for members of the insured's household was not within the permissible exclusions set forth in the statute and was contrary to the

statute's intent and public policy.[3] Crowther argues that the Other Insurance provision is likewise invalid because it is not one of the permitted statutory exclusions. We find this argument untenable, however, because the provision is clearly not an exclusion, but a limitation. The provision first assumes coverage by the policy, but then limits its application by setting a cap on the amount recoverable. Therefore, the Other Insurance provision is not invalid under section 31–41–10.

### II. Stacking under Statute and Regulation

■ The parties appear to agree, as do we, that nothing in the Act explicitly prohibits stacking of benefits under two or more insurance policies, up to the amount of medical expenses actually incurred. Crowther, however, argues that there is statutory language which impliedly permits, or perhaps even requires, stacking of benefits. She relies on Utah Code Ann. § 31–41–7(2) (1974) which provides:

> When a person injured is also an insured party under any other policy ... primary coverage shall be afforded by the policy insuring the motor vehicle out of the use of which the accident arose.

Crowther contends that discussion of "primary coverage" necessarily implies the possible existence of secondary coverage and that more than one policy may provide coverage under the Act for payment of medical expenses. We find that the statute's language does not require stacking of benefits, but does permit stacking either by its language or its silence on the subject.

■ Crowther further urges that the insurance department's regulation prohibiting stacking is contrary to the statute, and, therefore, invalid. Regulation 73–1 states:

> It is the intent of the Act to provide a package of minimum Personal Injury Protection (PIP) benefits to each person

---

**2.** "Stacking," as used in this opinion, refers to combining insurance policies up to the actual amount of expenses incurred, not combining benefits so as to exceed expenses.

**3.** Nationwide's policy also contained an exclusion for injuries incurred while a pedestrian. Nationwide's brief appears to concede that a pedestrian exclusion is invalid under *Farmers*. We agree, and, therefore, do not further address the issue.

injured in a motor vehicle accident occurring in Utah. The minimum PIP benefits are to be provided by the insurer of the motor vehicle which the person was occupying at the time of the accident or by which he was struck as a pedestrian. The maximum amount of minimum PIP benefits an injured person may receive pursuant to involvement in a motor vehicle accident shall be those amounts specified under Section 31-41-6. *There shall be no stacking or duplication of such benefits.*

(Emphasis added). The regulation clearly prohibits stacking. An administrative agency's authority to promulgate regulations is limited to those regulations which are consonant with the statutory framework, and neither contrary to the statute nor beyond its scope. *Lockheed Aircraft Corp. v. State Tax Comm'n*, 566 P.2d 1249, 1251 (Utah 1977); *McKnight v. State Land Bd.*, 14 Utah 2d 238, 381 P.2d 726, 730 (1963); *Coast Pac. Trading v. Dep't of Revenue*, 105 Wash.2d 912, 719 P.2d 541, 544 (1986). Administrative regulations "may not conflict with the design of an Act, and when they do the court has a duty to invalidate them.... Furthermore, when an administrative official misconstrues a statute and issues a regulation beyond the scope of a statute, it is in excess of administrative authority granted." *Travelers Indem. Co. v. Barnes*, 191 Colo. 278, 552 P.2d 300, 303 (1976). It is the prerogative and responsibility of the legislature to set policy and that responsibility may not be constitutionally delegated to an agency under its rule-making authority. *People v. Wright*, 30 Cal.3d 705, 639 P.2d 267, 271, 180 Cal.Rptr. 196 (1982); *Kitsap–Mason Dairymen's Assoc. v. Washington State Tax Comm'n*, 77 Wash.2d 812, 467 P.2d 312, 315 (1970). Agency regulations may not "abridge, enlarge, extend or modify the statute creating the right or imposing the duty." *IML Freight, Inc. v. Ottosen*, 538 P.2d 296, 297 (Utah 1975) (quoting *New Mexico ex rel. McCulloch v. Ashby*, 73 N.M. 267, 387 P.2d 588 (1963)). The question of whether stacking should be prohibited is one of policy, most appropriately decided by the legislature. In this instance,

the legislature has not clearly declared its policy and, therefore, the insurance commission exceeded its authority in promulgating the regulation prohibiting stacking. Having found the regulation invalid, we are left with a statute which, at best, permits stacking of benefits, and at the very least, is silent on the question.

### III. Contract

■ We turn next to the validity of the Other Insurance contractual provision. In *Farmers,* the Utah Supreme Court stated that

[a]n insurer has the right to contract with an insured as to the risks it will or will not assume, as long as neither statutory law nor public policy is violated. Thus an insurer may include in a policy any number or kind of exceptions and limitations to which an insured will agree unless contrary to statute or public policy.

*Farmers,* 712 P.2d at 233. Crowther asserts that public policy mandates disallowing contractual provisions prohibiting stacking of benefits. We disagree. The stated purpose of the Utah Automobile No–Fault Insurance Act as in effect when this case arose was

to require the payment of certain prescribed benefits in respect to motor vehicle accidents through either insurance or other approved security but on the basis of no fault, preserving, however, the right of an injured person to pursue the customary tort claims where the most serious types of injuries occur. The intention of the legislature is hereby to possibly stabilize, if not effectuate certain savings in the rising costs of automobile accident insurance and to effectuate a more efficient, equitable method of handling the greater bulk of the personal injury claims that arise out of automobile accidents, these being those not involving great amounts of damages. This act is not designed to have any effect on property damage claims.

Utah Code Ann. § 31–41–2 (1974).

Prohibiting stacking of benefits is not inconsistent with the stated goals of the

Act to promote quick, efficient payment of benefits on a no-fault basis for personal injury claims. In addition, the Act contemplates payment of relatively small amounts in medical expenses and preservation of the right to sue in tort for more serious accidents. Further, insurance companies establish no-fault premiums with the expectation that the remainder of the clauses in their policies will be enforced. It would be inappropriate for this Court to impose a public policy which does not necessarily serve the stated legislative goals. We believe it is the legislature's prerogative to declare any change in such policy. Therefore, because of the policies stated in the Act and because the Act neither prohibits nor requires stacking, we hold that the parties were free to contract for the provision eliminating stacking of benefits under more than one policy and that the contract does not contravene public policy.

AFFIRMED.

DAVIDSON and BENCH, JJ., concur.

Donald J. Purser (argued), J. Angus Edwards, Salt Lake City, for defendants and appellants.

H. Ralph Klemm (argued), Salt Lake City, for plaintiff and respondent.

Don J. Hanson, Salt Lake City, for Mid Century Ins.

Before DAVIDSON, BENCH and GREENWOOD, JJ.