# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01011-SCT

*MISSISSIPPI FARM BUREAU CASUALTY INSURANCE COMPANY*

*v.*

*DANIEL BRITT, GUARDIAN OF THE PERSON AND ESTATE OF ROBERT BRITT, A MINOR, AND AS FATHER AND NEXT FRIEND OF ROBERT BRITT, A MINOR*

| | |
|---|---|
| DATE OF JUDGMENT: | 6/6/2001 |
| TRIAL JUDGE: | HON. MIKE SMITH |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MICHAEL WAYNE BAXTER |
| | CHARLES G. COPELAND |
| | WALKER REECE GIBSON |
| ATTORNEY FOR APPELLEE: | RAYMOND OSBORN BOUTWELL |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND RENDERED - 09/26/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/17/2002 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. Daniel Britt sued Mississippi Farm Bureau Casualty Insurance Company (Farm Bureau) for payment of medical payment benefits coverage under three automobile insurance policies. After hearing cross motions for summary judgment, the trial court denied Farm Bureau's motion and granted Britt's motion for summary judgment on the basis that the stacking prohibitions and "other insurance" clauses rendered the policies ambiguous and thereby construed the policies against Farm Bureau. Finding this interpretation erroneous, we reverse and render.

## FACTS AND PROCEDURAL HISTORY

¶2. Robert Britt, a minor, was severely injured when the vehicle in which he was a passenger left the roadway, struck a tree, and overturned. Carey McRaven was driving the vehicle which was owned by his father, Earl McRaven. Daniel Britt, Robert's father, asserted a liability claim against McRaven and settled for his automobile liability policy limit of $50,000. Britt also received the $2,000 medical payment limit

under the McRaven policy.

¶3. At the time of the accident, Robert Britt lived with his grandfather, J.B. Britt, who had four separate automobile insurance policies with Farm Bureau. Each policy contained a provision providing for a maximum of $5,000 in medical payment benefits. Each policy was identical and contained the following provision classifying Robert Britt as an insured:

> ## II. Medical Payments-Coverage C
>
> To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services to or for:
>
> **Division 1(a)** the named **Insured** *and, while residents of the same household, his spouse and any relative of either*, who sustain **bodily injury**, caused by automobile accident: (i) while in or upon, the **Automobile** described in the policy declarations or (ii) through being struck by an automobile as a pedestrian (while not occupying an automobile) or (iii) *while in or upon, a nonowned automobile, with express permission of the owner thereof. . . .*

(emphasis added).

¶4. Farm Bureau paid Robert Britt $5,000, the medical payment limit under one of the four policies. Farm Bureau refused to pay the remaining medical payment benefits under the other three policies based upon a provision in the Conditions sections of the policies that specifically states that medical benefits do not stack:

> ## Coverage C
>
> **Divisions 1(a) and 2.** Regardless of the number of vehicles, trailers or semi-trailers described in the declaration of this policy, the number of Farm Bureau insurance companies described in the declaration, the number of policies issued by the Company(ies), or the number of insureds, claims, or vehicles involved in the accident, the limit of liability for medical payments stated in the declaration as applicable to "each person" is the limit of the Company's liability for all expenses incurred by or on behalf of each person, including each Insured, who sustains **bodily injury**, as the result of any one accident. Medical payment limits shall not stack.

(emphasis added).

¶5. Britt sued Farm Bureau in Lincoln County Circuit Court for breach of contract for $15,000, the medical payment limits under the three remaining policies. Both parties filed motions for summary judgment, with Farm Bureau contending that the medical payment limits should not stack based on the clear and unambiguous anti-stacking provision in the policy and Britt contending that the limitation of liability clause quoted above and the "other insurance" clause[1] when read together created an ambiguity that should be resolved in Britt's favor. The trial court denied Farm Bureau's motion and granted Britt's motion holding that the wording of the anti-stacking provisions and the "other insurance" clauses made the policies ambiguous. Farm Bureau appeals and asserts as error the trial court's decision allowing the stacking of medical payments under the other three policies.

## STANDARD OF REVIEW

¶6. We review orders granting or denying motions for summary judgment de novo and examine all evidentiary matters such as admissions in pleadings, answers to interrogatories, depositions, and affidavits. *Stewart ex rel. Womack v. City of Jackson*, 804 So. 2d 1041, 1046 (Miss. 2002). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. *Leslie v. City of Biloxi*, 758 So. 2d 430, 431 (Miss. 2000).

### DISCUSSION

<u>Stacking vs. "Other Insurance" Clauses</u>

¶7. Britt and the trial court characterize the three policies as ambiguous when the limitation of liability section ("Medical payment limits shall not stack.") is read with the "other insurance" sections. In so doing, the trial court ruled in favor of Britt because "[a]ny ambiguities in an insurance contract must be construed against the insurer and in favor of the insured and a finding of coverage." *Nationwide Mut. Ins. Co. v. Garriga*, 636 So. 2d 658, 662 (Miss. 1994). *See also Lewis v. Allstate Ins. Co.*, 730 So. 2d 65, 68 (Miss. 1998); *Delta Pride Catfish, Inc. v. Home Ins. Co.*, 697 So. 2d 400, 403 (Miss. 1997).

¶8. To determine whether Britt is correct in his argument that the policies were ambiguous, we must first distinguish the concept of stacking from the operation of "other insurance" clauses:

> The basic difference between the concept of stacking and the operation of other insurance clauses can be simply stated as: other insurance clauses address rules for determining responsibility if more than one coverage is considered to apply, while stacking addresses whether more than one coverage which would otherwise be applicable should, in fact, be applied at all. As such, the "other insurance" clauses should only come into play *after* the determination of whether the insured has the right to stack coverages at all.

12 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* § 169:9, at 169-23 (3d ed. 1998) (footnote omitted & emphasis added). In the instant case, it is undisputed that the four Farm Bureau policies had medical payment provisions for the injuries Britt sustained. However, our inquiry does not concern determining responsibility inasmuch as it concerns whether any or all of the four policies should be applied in the first place. As such, reliance on the "other insurance" clauses prior to determining whether a right to stack existed was premature.

¶9. The Court of Appeals of Utah discussed this issue in *Goetz v. American Reliable Ins. Co.,* 844 P.2d 366 (Utah Ct. App. 1992).[2] In *Goetz*, the insured was injured when the vehicle he was driving collided with a moose. *Id.* at 367. The vehicle was owned by a friend and insured by Government Employees Insurance Company (GEICO). Goetz received the medical payment benefits under the GEICO policy and thereafter made a claim on his insurer, American Reliable, for the medical payment benefits under that policy. *Id.* American Reliable refused payment on the ground that the policy specifically prohibited stacking of no-fault medical payment benefits.[3] *Id.* at 368. The trial court granted summary judgment to American Reliable on the ground that Goetz could not stack medical payment benefits under the GEICO policy and his American Reliable policy. *Id.* He appealed and asserted, inter alia, that the provisions of the American Reliable policy were ambiguous and should be construed in his favor. The Court of Appeals of Utah agreed that American Reliable's "other insurance" clause was ambiguous when viewed in isolation but concluded:

> This ["other insurance"] provision is, however, even under appellant's view, a limitation on coverage

rather than an expression of coverage. In other words, it sets forth a rule to be used in determining responsibility if more than one policy applies, but is entirely unilluminating in deciding the question of whether more than one policy applies. Thus, any ambiguity in the first paragraph of the "other insurance" provision of American Reliable's PIP endorsement is irrelevant in determining *whether* appellant may claim benefits [(i.e., stack)] under American Reliable's policy as well as GEICO's.

*Id.* at 370 (emphasis in original). The point is that any possible ambiguity in an "other insurance" clause has no bearing on the preliminary determination of whether medical payment benefits in multiple policies can be stacked.

## Relation to Uninsured/Underinsured Motorist Law

¶10. Britt attempts to justify receipt of $15,000 under the three remaining policies by citing and relying on uninsured motorist (UM) jurisprudence. Such reliance is misplaced. We have held as a matter of public policy that stacking of UM coverage is mandatory for every vehicle covered under a policy and that anti-stacking clauses as applied to UM coverage are unenforceable. ***United States Fid. & Guar. Co. v. Ferguson***, 698 So. 2d 77, 79 (Miss. 1997). *See **Ted King, Inc. v. Aetna Cas. & Sur. Co.***, 632 F. Supp. 443, 444-45 (S.D. Miss. 1986). This public policy position is based on the "intent of our uninsured motorist law [] to provide the insured with adequate protection against injury caused by an uninsured motorist." ***Ferguson***, 698 So. 2d at 79.

¶11. Such a public policy or statutory directive is not present in the medical payments context. Provisions limiting stacking are therefore still governed by the terms of each insurance policy. The Fifth Circuit addressed this proposition in ***Szumigala v. Nationwide Mut. Ins. Co.***, 853 F.2d 274 (5th Cir. 1988) (applying Mississippi law). The court held:

Because there are no equivalent statutory provisions in Mississippi that affect medical payment coverage contained in automobile insurance policies, we hold such coverage is governed by the terms of each insurance policy in which it is afforded, including terms of limitation such as Nationwide's anti-stacking clause. That separate premiums are charged for each vehicle does not alone justify stacked recovery of medical payments, since the premium paid on each successive vehicle affords protection to non-relatives who might be injured while occupying those vehicles.

*Id.* at 279 (citations & footnotes omitted). The Fifth Circuit's "***Erie*** guess" is persuasive and consistent with often-recognized authority on insurance law. *See* Jeffrey Jackson, *Mississippi Insurance Law & Practice* § 16:11, at 16-27 (2001); 12 Russ & Segalla, *supra*, § 169:104, at 169-188 (stating that in the event "state law contains no provision for mandatory medical payments coverage in a policy of insurance, as it does for uninsured motorist protection, a clause in a policy limiting liability is not in contravention of a statute or public policy, and must be given effect.") (footnote omitted). *See also **Simpson v. Farmers Ins. Co.,*** 981 P.2d 1262 (Okla. 1999).

## The Instant Case

¶12. Now that it is clear that the issue is one of stacking and not ambiguity and that UM jurisprudence does not apply, we now turn to the instant case. We are confronted with the interesting situation in which four policies of insurance contain medical payment provisions on vehicles owned by the insured whose grandson seeks to collect for injuries sustained in a *nonowned* vehicle. Such a scenario is unprecedented in

Mississippi jurisprudence in that the prior cases on the subject denied stacking because the plaintiff was injured while traveling in a *covered* vehicle. *See State Farm Mut. Auto. Ins. Co. v. Acosta*, 479 So. 2d 1089 (Miss. 1985); *State Farm Mut. Auto. Ins. Co. v. Scitzs*, 394 So. 2d 1371 (Miss. 1981). Britt is indeed correct in his argument that these cases stand on their own facts and respective policy language and that this is a contract case to be resolved under established rules of construction. However, contrary to Britt's contentions and the holding of the trial court, there is no basis in law or contract for the policies to be stacked.

¶13. Farm Bureau included in the policies issued to Britt certain limiting language stating "Medical payment limits shall not stack." This is a clear and unambiguous contract term effectively prohibiting the stacking of medical payments. Farm Bureau could not have stated such an intention more clearly.

¶14. There is an ambiguity in an insurance contract when the policy can be interpreted as having two or more reasonable meanings. *Universal Underwriters Ins. Co. v. Ford*, 734 So. 2d 173, 176 (Miss. 1999); *J & W Foods Corp. v. State Farm Mut. Ins. Co.*, 723 So. 2d 550, 552 (Miss. 1998). Here, the use of "Medical payment limits shall not stack" does not lend itself to any reasonable interpretation other than that medical payment limits under the policies shall not stack. That provision is by no means technical or obscure. We are bound to enforce contract language as written and give it its plain and ordinary meaning if it is clear and unambiguous. *Jackson v. Daley*, 739 So. 2d 1031, 1041 (Miss. 1999); *Lewis v. Allstate Ins. Co.*, 730 So. 2d 65, 68 (Miss. 1998); *National Bankers Life Ins. Co. v. Cabler*, 229 Miss. 118, 125, 90 So. 2d 201, 204 (1956); *Farmers Mut. Ins. Ass'n v. Martin*, 226 Miss. 515, 521, 84 So. 2d 688, 690 (1956). We must give effect here to this valid, clear and unambiguous contract term where there is no statutory or public policy prohibition nullifying it. Thus, Britt is not entitled to stack the $5,000 medical payment benefits under the three remaining policies.

## CONCLUSION

¶15. The trial court erred when it found ambiguity in the policies and allowed stacking of the medical payment benefits. We therefore reverse the trial court's grant of summary judgment in favor of Britt, and we render judgment here denying Britt's summary judgment motion, granting summary judgment for Farm Bureau, and finally dismissing Britt's complaint and this civil action with prejudice.

¶16. **REVERSED AND RENDERED.**

**PITTMAN, C.J., SMITH, P.J., COBB AND CARLSON, JJ., CONCUR. McRAE, P.J., DIAZ, EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**

1. The pertinent "other insurance" clause in the policies stated: "Under Division 1(a), the insurance shall be excess insurance over any other valid and collectible automobile medical payments insurance available under any other policy to the named insured, spouse or relative."

2. Though not entirely on point, the court's reasoning on the issue is nonetheless helpful.

3. The first paragraph of American Reliable's "Other Insurance" clause stated that "[n]o eligible injured person shall recover duplicate benefits for the same elements of loss under this or any similar insurance."