387 P.2d 588

STATE of New Mexico ex rel. Frank E. Mc-CULLOCH, Director Income Tax Division, Bureau of Revenue, Petitioner-Appellee,

v.

Willie R. ASHBY, Respondent-Appellant.

No. 7088.

Supreme Court of New Mexico.

Dec. 16, 1963.

Hubert T. Faulk, El Paso, Tex., Thos. B. Rapkoch, Las Cruces, for appellant.

John W. Chapman, Albert I. Cornell, Sp. Asst. Attys. Gen., Santa Fe, for appellee.

ZIMMERMAN, District Judge.

The question presented in this case is whether the State of New Mexico had jurisdiction in 1958 and 1959 over the White Sands Missile Range, a military installation located in New Mexico, to levy, assess and collect an income tax on non-residents employed within this military installation.

The cause was tried on stipulation of facts submitted to the district court of Santa Fe County. The appellant, Willie R. Ashby, during calendar years 1958 and 1959, was married and living with his wife in El Paso, Texas, and not a resident of nor domiciled in New Mexico.

The appellant did not own any revenue producing property in New Mexico but was employed on the military reservation known as White Sands Missile Range situate within the external boundaries of New Mexico. The appellant had income for each of these years in excess of five thousand dollars from his salary as an employee of the United States government at the military installation.

The appellant did not file income tax returns with the Bureau of Revenue of New Mexico for calendar years 1958 and 1959 and refrained from filing the non-resident income tax returns after notice from the Income Tax Division to file the returns and pay the income tax due thereon.

On April 7, 1961, the State of New Mexico filed suit in the district court of Santa Fe County petitioning the district court to enter its order requiring the appellant to make such returns pursuant to the Income Tax Act of the State of New Mexico and regulations promulgated thereto. Section 72–15–27, N.M.S.A.1953.

The appellant answered denying the tax liability and setting up numerous defenses, which are stated as points relied on for reversal, and only one of which do we consider necessary to discuss, it being determinative of the appeal.

Motion to dismiss based on the fact that § 72–15–27, N.M.S.A.1953, was repealed on June 29, 1961, by the New Mexico Legislature was denied. The relief requested by the State of New Mexico against the appellant was ordered on October 9, 1961, by the district court and this appeal followed as of December 14, 1961.

Appellant's primary and convincing argument is that the applicable statutory law violates § 2 of art. IV of the Constitution of the United States and § 1 of the Fourteenth Amendment to the Constitution of the United States in that the law provides in § 72–15–23, N.M.S.A.1953, as amended, that residents of New Mexico required to file income tax returns shall have personal exemptions ranging from $1,500.00 to $2,500.00, depending upon their marital status, and does not provide the same exemptions in the statutory law for nonresidents. Appellant claims that this difference thereby would deprive the nonresidents of the equal protection of the law.

Section 2 of art. IV of the Constitution of the United States declares:

"The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."

The pertinent provisions of § 1 of the Fourteenth Amendment to the Constitution of the United States provides:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; * * * nor deny to any person within its jurisdiction the equal protection of the laws."

Section 72–15–23, N.M.S.A.1953, as amended, provides:

"The following personal exemptions and credits shall be allowed to residents of the state of New Mexico: In case of an unmarried person, the personal exemption shall be fifteen hundred dol-

lars [$1,500]; In the case of a husband and wife, living together, the personal exemption shall be twenty-five hundred dollars [$2,500], plus two hundred dollars [$200] for each dependent minor child."

Regulation 22(a) promulgated by the New Mexico Bureau of Revenue on January 1, 1948, providing for personal exemptions of non-residents states:

"  *   *   *  Personal exemption of a non-resident is computed on a percentage basis arrived at by dividing the gross income from everywhere into the gross income received in New Mexico to arrive at a percentage of allocation of New Mexico income. This percentage is then applied to $2500.00 if the taxpayer is married, or $1500.00 if the taxpayer is single. The taxpayer is entitled to that percentage of $200.00 for each dependent."

In Travis v. Yale & Towne Manufacturing Company, 1920, 252 U.S. 60, 40 S.Ct. 228, 64 L.Ed. 460, Justice Pitney, speaking for the court, upheld the action of the Federal District Court which held that the income tax law of New York of 1919 violated the provision of § 2 of art. IV of the Federal Constitution.

The fundamental impact of the constitutional provision for privileges and immunities provided for citizens of each state in relation to the privileges and immunities of citizens in the several states was well stated by Justice Pitney in quoting Justice Clifford from Ward v. Maryland, 1870, 12 Wall. 418, 20 L.Ed. 449, which held a discriminatory state tax upon non-resident traders to be void:

"Beyond doubt those words (privileges and immunities) are words of very comprehensive meaning, but it will be sufficient to say that the clause plainly and unmistakably secures and protects the right of a citizen of one state to pass into any other state of the Union for the purpose of engaging in lawful commerce, trade, or business without molestation; to acquire personal property; to take and hold real estate; to maintain actions in the courts of the state; and to be exempt from any higher taxes or excises than are imposed by the state upon its own citizens."

The Travis case held that the denial of exemptions to the non-resident taxpayers of New York while granting exemptions to resident taxpayers was a crucial discrimination and was not a case of occasional or accidental inequality due to circumstances personal to the taxpayer.

We see no way to avoid a conclusion under the doctrine of the Travis case, relied on by appellant, that having imposed the tax upon "every resident and non-resident"

(§ 72–15–21, N.M.S.A.1953), the failure to extend exemptions granted residents under § 72–15–23, N.M.S.A.1953, to non-resident taxpayers brings the New Mexico act into conflict with art. IV, § 2, of the Constitution of the United States.

■ The argument of the State of New Mexico to the effect that any difficulty in this regard is overcome by regulation 22(a) of the Bureau of Revenue cannot be supported. A regulation adopted by an administrative agency creating an exemption not contemplated by the act or included within the exemption specified therein is void. American Distilling Co. v. State Board of Equalization, 1943, 55 Cal.App.2d 799, 131 P.2d 609; Welch v. Kerckhoff (9th Cir.1936), 84 F.2d 295, 106 A.L.R. 1434. It is well established that the legislature may not delegate authority to a board or commission to adopt rules or regulations which abridge, enlarge, extend or modify the statute creating the right or imposing the duty. Campbell v. Galeno Chemical Co., 1930, 281 U.S. 599, 50 S.Ct. 412, 74 L.Ed. 1063, 1069.

The judgment below must be reversed and the cause remanded for further proceedings in conformity with this opinion. It is so ordered.

COMPTON, C. J., and CHAVEZ, NOBLE and MOISE, JJ., concur.