492 P.2d 1297

**Irene VALDEZ, Deceased, by her surviving spouse, Daniel Valdez, Appellant,**

v.

**DEPARTMENT OF HEALTH AND SOCIAL SERVICES of the State of New Mexico, Appellee.**

No. 720.

Court of Appeals of New Mexico.

Dec. 10, 1971.

Certiorari Denied Jan. 18, 1972.

William J. Torrington, Alameda, for appellant.

David L. Norvell, Atty. Gen., Robert J. Laughlin, Julia C. Southerland, Agency Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

This appeal concerns the welfare category—Aid to the Disabled. Irene Valdez applied for financial assistance under this category on January 8, 1971. The Sandoval County Office of the Department of Health and Social Services approved the application on January 15, 1971 and forwarded the application to the state office of the department. Mrs. Valdez died on January 22, 1971. This was prior to the date provided by department regulations for issuance of "the January assistance check." No January check was issued. Daniel Valdez is the husband of Irene Valdez. He appealed the failure of the department to issue the January check. A hearing before a hearing officer was held. Section 13–1–18, N.M.S.A.1953 (Repl.Vol. 3, Supp.1971). The appeal was denied. Daniel Valdez appeals directly to this court from that denial. Section 13–1–18.1, N.M.S.A.1953 (Repl.Vol. 3, Supp. 1971).

Daniel Valdez claims the department could not properly refuse to issue the January check and pay that check to the heirs of Irene Valdez because the State of New Mexico "owed" the January check and "a property right had been established." A department regulation, in effect at the time, provided that: "If the client dies before his check has been authorized, payment may not be made. . . ." Daniel Valdez claims the regulation is unreasonable, unlawful, arbitrary, capricious, inconsistent with New Mexico statutes and an unconstitutional deprivation of vested rights.

The basis for these claims is that the application of Irene Valdez, for financial assistance, had been approved. Section 13–1–14, N.M.S.A.1953 (Repl.Vol. 3) provides that the ". . . state department shall decide whether the case is eligible for assistance . . ." or ". . . the state department may allow the local offices to determine whether assistance shall be granted. . . ." The hearing officer's findings state the application was approved on January 15, 1971 but this was the local office approval. It may be inferred from another of the findings that a check would have been issued if Mrs. Valdez had not died, but the evidence in support of this deals only with accounting procedures. There is little, if any, evidence in the record that the state department had approved the application or had authorized the local

office to do so. Our review is based on the record. Section 13–1–18.1(B), supra. Both parties have argued this case on the basis that the application had been approved. Since this is the first appeal to reach this court under § 13–1–18.1, supra, we assume (but do not decide) the application was approved in accordance with § 13–1–14, supra.

At oral argument, Daniel Valdez conceded that his "right" to the January check must be found in the welfare statutes or the right doesn't exist. Thus, we do not consider any "rights" under § 21–7–1, N.M.S.A.1953 (Repl.Vol. 4) or at common law.

The "statutory right" on which Daniel Valdez relies is set forth in the last two sentences of § 13–1–14, supra. He says these sentences ". . . recognized the right of a successor to the deceased's money. . . ." They read:

> ". . . In case any person who is an approved recipient of old age assistance, aid to dependent children, or aid to needy blind, living on the first day of any month and entitled to assistance for that month, dies before any check issued for such assistance has been endorsed or cashed by recipient, the amount of said check may be paid to any person· living with or caring for recipient at the time of recipient's death. The state department shall adopt reasonable rules and regulations prescribing the method of payment in such cases, and the manner of ascertaining the person entitled to receive the same."

These sentences do not mention the assistance category involved in this appeal— Aid to the Disabled. Thus, it is doubtful that § 13–1–14, supra, applies to this claim. Daniel Valdez contends the statute applies because welfare statutes are to be liberally construed and because the department regulations involved in this appeal make no distinction between categories of assistance. Since neither party questions the applicability of the quoted sentences to the category of Aid to the Disabled, we assume (but do not decide) that the quoted sentences apply to that category. See, however, NLRB v. Brown, 380 U.S. 278, 85 S. Ct. 980, 13 L.Ed.2d 839 (1965); State ex rel. McCulloch v. Ashby, 73 N.M. 267, 387 P.2d 588 (1963).

Even with the two assumptions made, the quoted sentences confer no statutory right upon Daniel Valdez. The sentences refer to checks that were issued but not endorsed or cashed by the recipient before the recipient's death. Thus, with the assumptions made, the sentences would apply if a check had been issued to Irene Valdez, but not endorsed or cashed by her in her lifetime. The sentences do not cover the factual situation in this case.

Neither the regulations applicable to this case, nor the amended regulations on which Daniel Valdez relies, pertain to the issuance of checks after a recipient's death. Rather, the regulations involved are consistent with the language of the quoted sentences and deal with the endorsement and cashing of checks issued prior to death.

Daniel Valdez had no "right" under § 13–1–14, supra, to the amount of financial assistance check which would have been issued to his wife if she had not died. Compare § 13–1–19, N.M.S.A.1953 (Repl.Vol. 3). Since no such "right" existed by statute, the claim that department regulations deprived him of that "right" is without merit.

The department's order denying the appeal is affirmed.

It is so ordered.

HENDLEY and COWAN, JJ., concur.