502 P.2d 406

**RAINBO BAKING COMPANY OF EL PASO, TEXAS, Plaintiff-Appellant,**

**v.**

**COMMISSIONER OF REVENUE of the State of New Mexico, Defendant-Appellee.**

**No. 915.**

Court of Appeals of New Mexico.

Oct. 13, 1972.

**304**

Howard F. Houk, Houk & Stiff, Albuquerque, for plaintiff-appellant.

David L. Norvell, Atty. Gen., John C. Cook, Bureau of Revenue, Asst. Atty. Gen., Santa Fe, for defendant-appellee.

Robert E. Poulson, J. J. Monroe, Iden & Johnson, Albuquerque, S. B. Christy IV, Jennings, Christy & Copple, Roswell, amicus curiae.

## OPINION

WOOD, Chief Judge.

This appeal involves nontaxable transaction certificates [§ 72–16A–13, N.M.S.A. 1953 (Repl.Vol. 10, pt. 2, Supp.1971) ] and a regulation of the Commissioner of Revenue providing a specified time when the certificates were to be in the possession of the taxpayer.

The Bureau of Revenue audited the books and records of Rainbo (Rainbo Baking Company of El Paso, Texas). On the basis of the audit the Bureau issued a notice of assessment of taxes. A portion of the assessment was compromised. Section 72–13–34, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971). Rainbo protested the assessment for the audit period January 1, 1970 to February 28, 1971. This protest was denied. Rainbo appeals directly to this court. Section 72–13–39, N.M.S.A. 1953 (Repl.Vol. 10, pt. 2, Supp.1971).

During the time period involved, Rainbo " * * * regularly sold and delivered its bakery products in the State of New Mexico to various buyers who resold the bakery products. * * *" The Bureau has assessed gross receipts tax, municipal tax and penalty and interest relating to these taxes on these transactions. Rainbo claims the transactions were not taxable because of a statutory deduction. The deduction is that authorized by § 72–16A–14.2, N.M.S.A. 1953 (Repl.Vol. 10, pt. 2, Supp.1971). It reads:

"Receipts from selling tangible personal property may be deducted from gross receipts if the sale is made to a

person who delivers a nontaxable transaction certificate to the seller. The buyer delivering the nontaxable transaction certificate must resell the tangible personal property * * * in the ordinary course of business."

The Commissioner ruled Rainbo was not entitled to the deduction, relying on G. R. Regulation 13–2. That regulation reads:

"'A taxpayer must be in possession of all nontaxable transaction certificates for the period of an audit prior to the time the audit begins. A nontaxable transaction certificate acquired by the taxpayer after the audit begins will not be honored by the Bureau of Revenue for the period under audit. However, the Commissioner may, in appropriate cases, after completion of the audit, permit deductions where certificates were acquired after the audit commenced.

However, in the absence of an audit, the taxpayer is granted a reasonable time to obtain possession of nontaxable transaction certificate.'"

It is stipulated that nontaxable transaction certificates were not in Rainbo's possession at the time the audit began, or at any time during the audit. The Commissioner disallowed a deduction under § 72–16A–14.2, supra, because Rainbo "* * * did not have the required nontaxable transaction certificates in his possession at the time audit began * * *" as required by the above quoted regulation.

Section 72–16A–14.2, supra, does not state a time when the nontaxable transaction certificates must be in the taxpayer's possession. That section authorizes the deduction if in fact the certificates were delivered to Rainbo by its customers. The fact that the certificates exist and were delivered to Rainbo is not disputed. Rather, it is stipulated that certificates have been obtained by Rainbo from all of the buyers involved and copies of the certificates have been furnished the Bureau.

The last sentence of § 72–16A–13, supra, states: "* * * When the seller * * * accepts the nontaxable transaction certifi-

cate in good faith that the buyer * * * will employ the property * * * transferred in a nontaxable manner, the properly executed nontaxable transaction certificate shall be conclusive evidence that the proceeds from the transaction are * * deductible from the seller's * * * gross receipts." The Commissioner does not claim either that Rainbo accepted the certificates in bad faith or that the certificates were improperly executed. Absent an issue concerning good faith or proper execution of the certificates, Rainbo has established its claimed deduction by conclusive evidence.

The Commissioner, however, asserts he has authority to disregard the statutory provisions for the deduction. He relies on the first sentence of § 72–16A–13, supra, which reads: "A nontaxable transaction certificate executed by the buyer * * * shall be in the possession of the seller * * for a nontaxable transaction when regulations require. * * *" He asserts the regulation, under which the deduction was disallowed, was issued pursuant to this statutory authority. He also asserts the regulation "* * * was necessary to give full effect to the statute. * * *" Further: "* * * The adoption of the regulation was legislative in nature in that the regulation prescribed a rule of conduct. * * *" Finally, he reminds us that the regulation "* * * is presumed to be in proper implementation of the provisions of the revenue laws administered by the bureau." Paragraph G of § 72–13–23, N.M. S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971).

Rainbo and the several amicus curiae challenge the validity of the regulation on various grounds. We consider only the time requirements in the first paragraph of the regulation since our decision on this aspect is dispositive.

State ex rel. McCulloch v. Ashby, 73 N.M. 267, 387 P.2d 588 (1963) states: "* * * A regulation adopted by an administrative agency creating an exemption not contemplated by the act or included within the exemption specified therein is void. * * *" The reason for this re-

sult, as stated in *Ashby*, supra, is: " * * the legislature may not delegate authority to a board or commission to adopt rules or regulations which abridge, enlarge, extend or modify the statute creating the right or imposing the duty. * * *" If the rule were otherwise, regulations of administrative agencies could nullify laws enacted by the Legislature.

Here, we have the converse of *Ashby*, supra. The time limit in the regulation would nullify a deduction authorized by the Legislature. The Commissioner has authority to issue regulations concerning the possession of nontaxable transaction certificates, § 72–16A–13, supra. He also has such authority as may be fairly implied from the statutory authorization. Wimberly v. New Mexico State Police Board, 83 N.M. 757, 497 P.2d 968 (1972). This authority is limited by subparagraph B(1) of § 72–13–23, supra, to regulations " * * * interpreting and exemplifying the statutes * * *" to which the regulations relate. The Commissioner exceeds this interpretative authority when he attempts by regulation to impose a limitation on the deduction which the Legislature did not prescribe. Morrill v. Jones, 106 U.S. 466, 1 S.Ct. 423, 27 L.Ed. 267 (1883).

In answer to the Commissioner's contentions, he had authority to regulate the possession of nontaxable transaction certificates, but this authority did not extend to imposing a time requirement which would abridge or modify the deduction authorized by the Legislature in § 72–16A–14.2, supra. State v. Ashby, supra. Compare State v. Allen, 77 N.M. 433, 423 P.2d 867 (1967). The time requirement in the regulation has this effect and, to that extent, is void. Trust of Bingham v. Comm'r., 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670, 163 A.L.R. 1175 (1945); Harris v. Alcoholic Beverage Control Appeals Bd., 228 Cal.App.2d 1, 39 Cal.Rptr. 192 (1964). This showing of a void time requirement overcomes the presumption of validity stated in § 72–13–23(G), supra.

The Commissioner's Decision and Order denying the protest and disallowing the deduction is erroneous and is reversed. The cause is remanded to the Commissioner for further proceedings consistent with this opinion.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.