657 P.2d 621

**In the Matter of the Occupational Health and Safety Inspection of KENT NOWLIN CONSTRUCTION CO., INC.**

**KENT NOWLIN CONSTRUCTION, INC., Appellant,**

v.

**ENVIRONMENTAL IMPROVEMENT DIVISION OF the NEW MEXICO HEALTH AND ENVIRONMENT DEPARTMENT, Appellee.**

No. 14063.

Supreme Court of New Mexico.

Aug. 27, 1982.

Rehearing Denied Sept. 28, 1982.

Matthews, Crider, Jeffries, Calvert & Bingham, Wayne E. Bingham, Albuquerque, for appellant.

Bruce S. Garber, Louis W. Rose, Weldon L. Merritt, Santa Fe, for appellee.

## OPINION

FEDERICI, Justice.

Appellant, Kent Nowlin Construction, Inc., (Nowlin) appeals from an order of the District Court of Bernalillo County in which the trial court ordered that testimony of Nowlin's employees could be taken by way of private depositions under the New Mexico Rules of Civil Procedure and that Nowlin had no right to be present at those depositions. We reverse.

Environmental Improvement Division (EID) inspectors sought inspection of a Nowlin project, pursuant to Section 50–9–10, N.M.S.A.1978, of the New Mexico Occupational Health and Safety Act (OSHA), and New Mexico Occupational Health and Safety Regulations. Consent to conduct such an inspection was refused by Nowlin officials. The EID applied for and was granted an inspection warrant by the district court. An inspection in compliance with the warrant was conducted, except that Nowlin officials would not permit EID inspectors to interview employees without the presence of Nowlin counsel or Nowlin representatives.

The EID filed a motion to hold Nowlin in contempt of court. Before the court acted upon the motion, the parties stipulated that Nowlin would provide the names and addresses of its employees and that the EID would not interview Nowlin employees on company time or premises. The EID sought to interview these employees; they refused to talk. The EID attempted to compel their testimony by way of private deposition which was ordered by the court. The court held that testimony of such employees was discoverable under the New

Mexico Rules of Civil Procedure and that Nowlin had no right to attend the taking of those depositions.

We consider the four issues on appeal.

(1) Whether Employers Are Allowed to Have Company Counsel or Representatives Present During EID Interviews With Employees.

New Mexico OSHA, to a large extent, adopts the language of the federal Occupational Safety and Health Act of 1970, 29 U.S.C. § 651–678 (1970). However, there is an important difference in that the federal act specifically provides that agents of the Secretary of Labor may "question *privately* any such employer, owner, operator, agent or employee," while the state act specifically omits any provision for *private* questioning. The state act merely provides that state agents may "question the employer and employee" as a part of their inspection and investigation. Section 50–9–10(A)(2), *supra.* While legislative history on this section is minimal, there is no doubt that the Legislature had the federal act before it when the section was drafted. Therefore, the inference is that it purposely deleted that portion of the federal act allowing agents to question privately any employer or employee. Courts are not permitted to read into a statute, language which is not there, particularly if it makes sense as written. *State ex rel. Barela v. New Mexico State Bd. of Ed.,* 80 N.M. 220, 453 P.2d 583 (1969). Furthermore, courts must presume that the Legislature was informed as to the existing law. *Bettini v. City of Las Cruces,* 82 N.M. 633, 485 P.2d 967 (1971). We conclude that the statute does not provide for a private interview of employees. If the Legislature intends to permit the EID to hold private interviews of employees, it should specifically so provide.

Furthermore, the federal OSHA Field Operations Manual, in defining privacy, makes it clear that the privacy of an interview *must* be invoked *by the employee* who is being interviewed. The EID attempted to interview these employees but they refused to talk. The presence of Nowlin's counsel during interviews serves to complete the interviews and insure that the EID does not take advantage of an unknowing employee. The right to have Nowlin's counsel or other representatives present is essential, given the potential criminal liabilities enunciated in the state act as well as other potential liabilities. We recognize that there is authority for the rule that "Investigations . . . . are usually held in private." and that any change from the course must rest on the language of the statute. *Bowles v. Baer,* 142 F.2d 787 (7th Cir.1944). We do not believe the rule to be applicable where the intention of the Legislature as reflected in the language of the statute is clear, as in this case.

(2) Whether the Regulations Promulgated by the Environmental Improvement Board Permitting Private Interviews of Employees by Division Inspector Are Void.

New Mexico OSHA Regulations, promulgated by the Environmental Improvement Board, provide for private interviews with employees. The Board can only enact regulations which are permitted by, and are in accord with, the statute. It cannot, by regulation, negate what the Legislature had already addressed by statute; such action is beyond the Board's authorized powers and is void. *State v. Ashby,* 73 N.M. 267, 387 P.2d 588 (1963).

(3) Whether Appellant May be Present at Discovery Proceedings Under The Rules of Civil Procedure.

[4] The trial court ordered that the testimony of the employees be taken by private depositions under the New Mexico Rules of Civil Procedure. The Rules of Civil Procedure do not permit discovery of testimony by means of private depositions. Section 50–9–18, N.M.S.A.1978, requires the EID to apply to the district court for an order before testimony can be taken under oath. Under Section 12–8–15, N.M.S.A. 1978, such administrative depositions must be taken as provided by law, under N.M.R. Civ.P. 30, N.M.S.A.1978, which requires that all parties to an action must receive notice and be afforded the opportunity to attend the depositions. *Matter of Protest of Miller,* 88 N.M. 492, 542 P.2d 1182 (Ct.App.), *cert. denied,* 89 N.M. 5, 546 P.2d 70 (1975).

(4) Whether Employees May Request That Counsel of Their Choosing Be Present During EID Interviews and Whether Such Counsel May be Company Counsel.

■ This issue is one of first impression in New Mexico. The New Mexico Administrative Procedures Act, Sections 12–8–1 to 12–8–25, N.M.S.A.1978, is similar to the federal Administrative Procedure Act, 5 U.S.C. Sec. 551 (1946). Being similar, this Court may rely on federal case construction of the federal act. Federal courts have not looked kindly upon efforts to restrict choice of counsel, *Backer v. C.I.R.,* 275 F.2d 141 (5th Cir.1960). Employees may employ counsel of their own choice, including company counsel, unless counsel of their own choosing obstructs and impedes the agency's investigation. No such obstruction has been alleged nor proven in this case. We consider the view of the federal courts persuasive and adopt the rule set forth above. *Backer, supra.*

The trial court is reversed and the cause remanded for further action by the trial court in accordance with the views expressed in this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and PAYNE, J., concur.